JOHN P. LeCRONE (State Bar No. 115875)
 johnlecrone@dwt.com
JANET L. GRUMER (State Bar No. 232723)
 janetgrumer@dwt.com
KAREN A. HENRY (State Bar No. 229707)
 karenhenry@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California  90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
ABC LEGAL SERVICES, INC., and
MICHAEL KAUFMAN

```
                    FILED
         CLERK, U.S. DISTRICT COURT

              MAR - 4 2011

         CENTRAL DISTRICT OF CALIFORNIA
         BY                    DEPUTY
```

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI JDID, an individual, | Case No. **CV11- 01869** MRP(PJWx) |
|                       Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** |
|         vs. | |
| ABC LEGAL SERVICES, INC., a California Corporation, MICHAEL KAUFMANN, an individual, and DOES 1 to 50, inclusive, | |
|                       Defendant(s). | |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant and petitioner ABC Legal Services, Inc. ("ABC") hereby removes to this Court the state action described below. In support of this Notice of Removal, Defendant alleges as follows:

1.   On or about January 26, 2011, plaintiff Ali Jdid ("Plaintiff") filed the above-entitled action as Civil Case No. BC453818 in the Superior Court of the State of California, County of Los Angeles ("State Action"). (A true and correct copy of the Complaint for Damages (the "Complaint") is attached hereto as **Exhibit A**.) The Complaint alleges several claims for disability discrimination, a claim for harassment, a claim for retaliation, and names as defendants ABC and Michael Kaufman (erroneously named as "Michael Kaufmann").

2.   On February 2, 2011, Plaintiff personally served Mr. Kaufman with a copy of the Summons and Complaint, among other documents. See Declaration of Lorain Gauvin ("Gauvin Decl.") at ¶ 2. That same day, plaintiff purported to deliver a copy of the Summons and Complaint to Mr. Kaufman on behalf of ABC. See id. However, Mr. Kaufman was not (and is not) authorized to accept service on ABC's behalf. See id. at ¶ 3. Notwithstanding this fact, ABC has accepted service of this process as of February 2. See id. at ¶ 4. Accordingly, this Notice of Removal is timely because it is filed within 30-days of service of the Complaint, as required by 28 U.S.C. § 1446(b). See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) (removal period begins after proper service of complaint; faxed filed-stamped copy of complaint did not trigger removal period).

3.   The Complaint also identifies Does 1 through 50" as defendants in the above-entitled action. Because "Does 1 through 50" are fictitious, as discussed below, and because they have not yet been served, their consent to joinder in removal is not necessary. See Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but

NOTICE OF REMOVAL
DWT 16679394v2 0067194-000010

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

not yet served need not be joined in the removal); see also Cmty. Bldg. Co. v. Maryland Cas. Co., 8 F.2d 678, 678-79 (9th Cir. 1925).

4.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Because the State Action is pending in the Central District of the Los Angeles County Superior Court, removal of the State Action to this District Court is proper under 28 U.S.C. § 1446(a).

## DIVERSITY OF CITIZENSHIP

5.     As alleged in the Complaint, Plaintiff worked for ABC for approximately 21 years, and during the course of his employment resided in Los Angeles County, where he still resides. See Ex. A, ¶ 4.  Accordingly, Plaintiff was at the time of filing, and is now, a citizen of the State of California.

6.     In contrast, ABC was not at the time of filing, and is not now, a citizen of the State of California.  For purposes of determining corporate citizenship, a corporation is deemed a citizen of any state in which it has been incorporated and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Here, at the time of the filing of the State Action, ABC was a corporation incorporated in the State of Washington, and ABC's residence has not changed. As the Supreme Court has recently held, a corporation's principal place of business is where "the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' … [T]he 'nerve center' will typically be found at a corporation's headquarters." The Hertz Corp. v. Friend, --- U.S. ---, 130 S. Ct. 1181, 1186 (Feb. 23, 2010) (internal citations omitted).  Here, ABC maintains its principal offices in the State of Washington, and its high-level officers direct, control and coordinate its operations primarily from its offices in Washington.  See

NOTICE OF REMOVAL
DWT 16679394v2 0067194-000010

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Gauvin Decl. at ¶ 5.  Accordingly, for purposes of jurisdiction under 28 U.S. § 1332(a), ABC is a citizen of Washington with its principal place of business in Washington.   ABC, however, is not now nor was it at the time of filing a citizen of the State of California; ABC's high level officers do not direct, control and coordinate its operations from California.

7.     Pursuant to 28 U.S.C. § 1441(a), "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." Consequently, the fictitious "Does 1 through 50" shall be disregarded for determining diversity jurisdiction.

8.     Mr. Kaufman, an employee of ABC, is a resident of California who was fraudulently joined and named in the Complaint for the specific purpose of defeating diversity jurisdiction.  Mr. Kaufman will promptly move for dismissal from this action.

9.     The joinder of non-diverse defendant Kaufman should be ignored for the purpose of determining diversity because Plaintiff fails to state a valid cause of action against Mr. Kaufman.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("Joinder of a nondiverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for the purpose of determining diversity [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.  Further, the defendant is entitled to present the facts showing the joinder to be fraudulent") (internal quotations and citations omitted).  Plaintiff names Mr. Kaufman only in his Fourth Cause of Action for Harassment.  Plaintiff has stated no valid cause of action for harassment against Mr. Kaufman.  The allegations concerning Mr. Kaufman consist of two conclusory statements, (Complaint at ¶¶35), which are insufficient to support a claim for harassment under the Fair Employment and Housing Act, California Government Code § 12940 et seq. (the "FEHA").  The only facts that Plaintiff alleges concerning Mr. Kaufman's interactions with Plaintiff are:

NOTICE OF REMOVAL
DWT 16679394v2 0067194-000010

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1     KAUFMANN knew Plaintiff was placed off from work due to

2     Plaintiff's serious health condition.  Instead of engaging in the

3     interactive process and attempting to accommodate Plaintiff's

4     disability, KAUFMANN refused to engage Plaintiff in the interactive

5     process, refused to accept Plaintiff's doctor's note, and instead Plaintiff

6     was terminated.  (Complaint at ¶ 35.)

7 These allegations do not amount to harassment as a matter of law.  See Pinero v.

8 Specialty Restaurants Corp., 130 Cal. App. 4th 635, 647 (2005) (complaint by

9 supervisor about work-related matters not actionable as harassment).  As the

10 California Supreme Court explained in Roby v. McKesson Corp., 47 Cal. 4th 686,

11 706 (2009), "harassment often does not involve any official exercise of delegated

12 power on behalf of the employer"; rather, "harassment focuses on situations in

13 which the social environment of the workplace becomes intolerable because the

14 harassment (whether verbal, physical, or visual) communicates an offensive

15 message to the harassed employee."

16     10.    For the reasons set forth in paragraphs 5 through 9, above, there is

17 complete diversity between Plaintiff and Defendant, and this action may be

18 removed to this Court.  28 U.S.C. § 1441(a).

19     **AMOUNT IN CONTROVERSY**

20     11.    With respect to the amount in controversy, the threshold amount is

21 satisfied in this action.  In measuring the amount in controversy for purposes of

22 diversity jurisdiction, "a court must assume that the allegations of the complaint are

23 true and assume that a jury will return a verdict for the plaintiff on all claims made

24 in the complaint." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199

25 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted).  In addition, courts

26 should aggregate damages in determining whether the amount in controversy

27 exceeds $75,000. See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co., 465

28 F. 2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff

NOTICE OF REMOVAL
DWT 16679394v2 0067194-000010

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

seeks to aggregate two or more of his own claims against a single defendant")
(internal quotations omitted).

12.     Certain allegations, separately and together, sufficiently satisfy the
amount in controversy requirement and confirm that Plaintiff is seeking in excess of
$75,000.

13.     The Complaint prays for "back pay, front pay, and other special
damages of at least $100,000." (See Ex. A at Prayer, ¶ 1.)  This allegation alone is
more than sufficient to satisfy the amount-in-controversy requirement.  See St. Paul
Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938)
(the amount in controversy is determined from the allegations or prayer of the
complaint).  Plaintiff also seeks to recover punitive damages.  (See Ex. A at ¶ 24
and Prayer at ¶ 3.)  "It is well established that punitive damages are part of the
amount in controversy in a civil action."  Gibson v. Chrysler Corp., 261 F.3d 927,
945 (9th Cir. 2001).

14.     Thus, based on the nature of Plaintiff's allegations and the relief sought
by Plaintiff in the Complaint – including damages "of at least $100,000" – it is
apparent that the amount in controversy exceeds $75,000.

### VENUE

15.     Venue is proper in this district under 28 U.S.C. § 1391(a) because
ABC is subject to personal jurisdiction in and the acts alleged in the Complaint took
place in the Central District of California.

### STATE COURT FILE

16.     The following constitutes all of the process, pleadings or orders
received by ABC or otherwise found in the State Action file.  True and correct
copies are attached:

Ex. A:      Complaint filed by Ali Jdid

Ex. B:      Summons filed by Ali Jdid

Ex. C:      Civil Case Cover Sheet filed by Ali Jdid

NOTICE OF REMOVAL
DWT 16679394v2 0067194-000010

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | Ex. D: | Civil Case Cover Sheet Addendum and Statement of Location filed by Ali Jdid |
| --- | --- | --- |
| | Ex. E: | Notice of Case Assignment |
| | Ex. F: | Superior Court of California, County of Los Angeles Alternative Dispute Resolution (ADR) Information Package |
| | Ex. G: | Notice of Case Management Conference |
| | Ex. H: | Proof of Service of Summons on ABC Legal Services, Inc. filed by Ali Jdid |
| | Ex. I: | Proof of Service of Summons on Michael Kaufman filed by Ali Jdid |
| | Ex. K: | Answer of Defendant ABC Legal Services, Inc. to Plaintiff Ali Jdid's Unverified Complaint for Damages |
| | Ex. L: | Answer of Defendant Michael Kaufman to Plaintiff Ali Jdid's Unverified Complaint for Damages |

17.     Concurrently with the filing of this Notice, ABC has provided written notice of removal to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Los Angeles County Superior Court.

18.     Based upon the foregoing, ABC hereby removes this action from the Los Angeles County Superior Court to this Court, and requests that further proceedings be conducted in this Court as provided by law.

DATED:  March 3, 2011

DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
JANET L. GRUMER
KAREN A. HENRY


By: _____
           Janet L. Grumer

Attorneys for Defendants
ABC LEGAL SERVICES, INC., and
MICHAEL KAUFMAN

NOTICE OF REMOVAL
DWT 16679394v2 0067194-000010

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

1  **ALFONSO & HOYNG LLP**
   Frank A. Alfonso (SBN 198806)
2  Francisco Hoyng (SBN 248400)
   Susan R. Huerta (SBN 256063)
3  776 E. Green Street, Suite 210
   Pasadena, CA 91101
4  Telephone: (626) 356-2120
   Facsimile: (626) 356-2130
5
   Attorneys for Plaintiff
6  ALI JDID

7

8              SUPERIOR COURT OF CALIFORNIA

9        COUNTY OF LOS ANGELES · CENTRAL DISTRICT

10 ALI JDID, an individual,              | CASE NO.:    **BC 453818**

11                                        [Assigned for all purposes to the Honorable
                                          _____, Dept. ___.]
12      Plaintiff,

13                                        COMPLAINT FOR DAMAGES

   vs.                                    1) DISABILITY DISCRIMINATION IN
14                                        VIOLATION OF FAIR EMPLOYMENT
                                          AND HOUSING ACT ("FEHA"),
15 ABC LEGAL SERVICES, INC., a California CALIFORNIA GOVERNMENT CODE §
   Corporation, MICHAEL KAUFMANN, an     12940(a);
16 individual, and DOES 1 to 50, inclusive,
                                          (2) DISABILITY DISCRIMINATION IN
17      Defendants.                       VIOLATION OF FEHA-FAILURE TO
                                          PROVIDE REASONABLE
18                                        ACCOMMODATION, CALIFORNIA
                                          GOVERNMENT CODE § 12940(m);
19
                                          (3) DISABILITY DISCRIMINATION IN
20                                        VIOLATION OF FEHA-FAILURE TO
                                          ENGAGE IN THE INTERACTIVE
21                                        PROCESS, CALIFORNIA
                                          GOVERNMENT CODE § 12940(n);
22                                        (4) DISABILITY HARASSMENT IN
23                                        VIOLATION OF GOVERNMENT
                                          CODE § 12940(j)(1);
24                                        (5) RETALIATION BASED ON FEHA,
25                                        GOVERNMENT CODE § 12940
26                                        [DEMAND FOR JURY TRIAL]
27
28

ALFONSO & HOYNG LLP
776 E. Green Street, Suite 210
Pasadena, California 91101

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 26 2011

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Shaunya Wesley

- 1 -
Complaint

**EXHIBIT A**

Plaintiff ALI JDID alleges on information and belief (except those allegations relating to Plaintiff himself, which are asserted on personal knowledge), as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction and venue are proper in this Court because all of the claims alleged herein arose in Los Angeles County and all of the parties were and/or are residents of Los Angeles County or are doing or did business in Los Angeles County at all times relevant herein.

2.      The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest and costs.

3.      Plaintiff ALI JDID has met all of the jurisdictional requirements for proceeding with his claims under the Fair Employment and Housing Act ("FEHA"), codified at California Government Code, Section 12960, et seq., by timely filing administrative complaints with the Department of Fair Employment and Housing ("DFEH"), and receiving a Notice of Case Closure and a Right to Sue letter ("Right To Sue letter").

## PARTIES

**PLAINTIFF:**

4.      Plaintiff ALI JDID (hereinafter "JDID" and "Plaintiff") is a gentleman who began his employment at Defendant ABC LEGAL SERVICES, INC. (hereinafter "Defendant") on or about April 2, 2001. JDID is currently a resident of Los Angeles County and during the scope of his employment with Defendant was a resident of Los Angeles County.  Defendant terminated Plaintiff's employment on or about August 6, 2010.

**CORPORATE DEFENDANT:**

5.      Plaintiff is informed and believes and thereon alleges that Defendant is and at all times mentioned in this complaint, was authorized to operate by the State of California and authorized and qualified to do business in the County of Los Angeles.  Plaintiff believes and

ALFONSO & HOYNG LLP
774 E. Green Street, Suite 210
Pasadena, California 91101

- 2 -
Complaint

thereon alleges that Defendant has its principal place of business at 6350 Laurel Canyon Blvd. #405, North Hollywood, CA 91606 , in the County of Los Angeles.

**INDIVIDUAL DEFENDANT:**

6.      Plaintiff is informed and believes, and thereupon alleges, that Defendant MICHAEL KAUFMANN (hereinafter "KAUFMANN") is and at all relevant times herein was Plaintiff's supervisor.  Plaintiff is informed and believes, and thereupon alleges, that MICHAEL KAUFMANN at all relevant times was a managing agent of ABC.  KAUFMANN was personally involved in the decision to terminate Plaintiff.

7.  Plaintiff is informed and believes, and thereupon alleges, that at all relevant times KAUFMANN was acting with full authority as corporate representative of Defendant ABC, and at all relevant times corporate officers of Defendant ABC ratified and approved the misconduct of Defendant KAUFMANN.

**AGENCY/CO-CONSPIRATOR STATUS OF EACH DEFENDANT:**

8.      Each of the individual Defendants is sued individually and in his or her capacity as an agent, representative, manager, supervisor, independent contractor and/or employee of Defendants.

9.      The true names or capacities, whether individual, associate or otherwise, of Doe Defendants 1-50, inclusive, are unknown to Plaintiff and, therefore, Plaintiff sues these Doe Defendants by such fictitious names.  Plaintiff will seek leave of this Court to amend this Complaint to allege such names and capacities as soon as they are ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named Defendants.

ALFONSO & HOYNG LLP
776 E. Green Street, Suite 210
Pasadena, California 91101

- 3 -
Complaint

10.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each and every Defendant, including the Doe Defendants, acted in concert and in furtherance of each other's interest.  The acts and conduct of each and every Defendant, as described herein, which were intentional and/or harassing and/or were not a normal part of Plaintiff's employment and were not the result of a legitimate business necessity.

<u>GENERAL FACTUAL ALLEGATIONS</u>

11.     Plaintiff was employed by Defendants as a driver from in or about April 2, 2001 to approximately August 6, 2010.

12.     Defendants provide legal support and document delivery to the legal community.

13.     Plaintiff was involved in a serious car accident in June 2010.  As a result, Plaintiff was placed on a medical leave of absence.  On August 6, 2010, Plaintiff met with his supervisor KAUFMANN regarding his return to work and provided KAUFMANN with a doctor's note allowing Plaintiff to return to work on August 17, 2010.  KAUFMANN advised Plaintiff that if he could not return to work on August 9, 2010 (after exhausting his leave of absence) then he would be fired.  At that meeting KAUFMANN asked Plaintiff to return his company keys and two-way radio.  Despite only needing an additional week of medical leave beyond his 12 weeks, KAUFMANN refused to engage in the interactive process with Plaintiff.

14.     Plaintiff was subsequently terminated effective August 9, 2010 because he exhausted his 12 weeks of leave under the Family and Medical Leave Act.

15.     Defendants failed to reinstate Plaintiff to his position. Plaintiff was fired after approximately 21 years of service despite the fact he had a doctor's note advising that he could return to work.

16.     Instead of attempting to accommodate Plaintiff, an exemplary 21 year employee that was 52 years old and disabled, Defendant terminated Plaintiff.  The termination left Plaintiff without health insurance and without income at a time when he needed it most in his life.

ALFONSO & HOYNG LLP
770 E. Green Street, Suite 210
Pasadena, California 91101

17.     Defendant's termination of Plaintiff was, in part, in retaliation for requesting a reasonable accommodation for his disability.

## FIRST CAUSE OF ACTION

**(Physical Disability Discrimination in Violation of FEHA, Government Code §12940(a) - Against Defendants ABC LEGAL SERVICES, INC. and DOES 1-50)**

18.     Plaintiff hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

19.     At all times herein mentioned, the Fair Employment and Housing Act ["FEHA"], Government Code §12940(a), was in full force and effect and binding on Defendants. These statutes required Defendants to refrain from discriminating against any employee on the basis of a physical disability. Within the time provided by law, Plaintiff filed his Complaint with the Department of Fair Employment and Housing ["DFEH"] in full compliance with the administrative requirements and received a right-to-sue letter.

20.     Plaintiff suffered from a physical disability as defined by FEHA. Plaintiff was seen by a doctor and was released to return to work without restrictions. Despite his physical disability, Plaintiff was a qualified individual as he was able to perform the essential functions of his position either with or without reasonable accommodations. Plaintiff believes and thereon alleges that after Plaintiff suffered from a physical disability; Defendants discriminated against him by terminating his employment.

21.     Plaintiff believes and thereon alleges that his physical disability was a motivating and substantial factor in Defendants' discrimination against him and termination of his employment.

ALFONSO & HOYNG LLP
776 E. Green Street, Suite 210
Pasadena, California 91101

22.     As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

23.     As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, he has suffered and continues to suffer general damages in a sum according to proof.

24.     Defendants committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights.  Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of it.

25.     Plaintiff has incurred and continues to incur legal expenses and attorney fees in a sum according to proof.

## SECOND CAUSE OF ACTION

**(Physical Disability Discrimination in Violation of FEHA, Failure to Provide Reasonable Accommodation, Government Code §12940(m) - Against Defendants ABC LEGAL SERVICES, INC. and DOES 1-50)**

26.     Plaintiff hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

27.     At all times herein mentioned, the FEHA, Government Code §12940(m), was in full force and effect and binding on Defendants.  These statutes required Defendants to provide reasonable accommodations that will allow an employee suffering from physical disability to perform the essential functions of his job. Government Code §12940(m) makes it an unlawful employment practice for an employer to fail to make reasonable accommodations for a known physical disability of an employee.

- 6 -
Complaint

ALFONSO & HOYNG LLP
776 E. Green Street, Suite 210
Pasadena, California 91101

28.     Plaintiff had a qualified physical disability which was known to Defendants. Plaintiff alleges that Defendants failed to even attempt to reasonably accommodate his physical disability which could have easily been accommodated with a one week extension of his medical leave.

29.     Plaintiff believes and thereon alleges that Plaintiff's need for a reasonable accommodation of his physical disability was a motivating and substantial factor in Defendants' discrimination against him and termination of his employment.

### THIRD CAUSE OF ACTION

**(Physical Disability Discrimination in Violation of FEHA, Failure to Engage in Interactive Process, Government Code §12940(n) -Against Against Defendants ABC LEGAL SERVICES, INC. and DOES 1-50)**

30.     Plaintiff hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

31.     At all times herein mentioned, the FEHA, Government Code §12940(n), was in full force and effect and binding on Defendants.  These statutes required Defendants to engage in an interactive process in assessing an employee's physical disability in order to provide a reasonable accommodation.  Government Code §12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability.

32.     Plaintiff had a qualified physical disability which was known to Defendants. Plaintiff alleges that Defendants never engaged in an interactive process to determine the extent of Plaintiff's physical disability and restrictions in order to provide him with a reasonable accommodation.

- 7 -

Complaint

ALFONSO & HOYNG LLP
770 E. Green Street, Suite 210
Pasadena, California 91101

## FOURTH CAUSE OF ACTION

### (Disability Harassment in Violation of Government Code § 12940(j)(1) - Against All Defendants)

33.   Plaintiff hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

34.   At all times herein mentioned, the FEHA, Government Code §12940(j)(1), was in full force and effect and binding on Defendants. These statutes required Defendants to refrain from harassing any employee on the basis of disability. Within the time provided by law, Plaintiff filed his Complaint with the Department of Fair Employment and Housing ["DFEH"] in full compliance with the administrative requirements and received a right-to-sue letter related to the harassment by KAUFMANN.

35.   As set forth above, Plaintiff alleges that Defendants harassed him because of his disability. Plaintiff was involved in a serious car accident in June 2010. As a result, Plaintiff was placed on a medical leave of absence. KAUFMANN knew Plaintiff was placed off from work due to Plaintiff's serious health condition. Instead of engaging in the interactive process and attempting to accommodate Plaintiff's disability, KAUFMANN refused to engage Plaintiff in the interactive process, refused to accept Plaintiff's doctor's note, and instead Plaintiff was terminated.

## FIFTH CAUSE OF ACTION

### (Retaliation- Against Defendants ABC LEGAL SERVICES, INC. and DOES 1-50)

36.   Plaintiff hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

37.   At all times herein mentioned, FEHA, Government Code § 12940 was in full force and effect and binding on Defendants. This statute requires Defendants to refrain from retaliating against any employee for asserting rights pursuant to FEHA. Plaintiff engaged in the

Complaint

ALFONSO & HOYNG LLP
776 E. Green Street, Suite 210
Pasadena, California 91101

protected activity of requesting a reasonable accommodation for his disability. Defendants retaliated against Plaintiff, in part, by refusing to provide any accommodation and subsequently terminating Plaintiff.

38.     During Plaintiff's employment, Defendants directly and through their supervisors, human resources personnel and agents retaliated against Plaintiff as a result of Plaintiff exercising his rights under FEHA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants jointly and severally as follows:

1.     For back pay, front pay, and other special damages of at least $100,000.00;

2.     For general damages;

3.     For punitive damages;

4.     For pre-judgment and post-judgment interest on all damages awarded;

5.     For reasonable attorneys' fees;

6.     For costs of suit incurred;

7.     For reinstatement to his position; and

8.     Such other and further relief as this Court may deem proper and just.

DATE: January 25, 2011                    ALFONSO & HOYNG, LLP


BY: _____
        FRANK A. ALFONSO
        FRANCISCO HOYNG
        SUSAN R. HUERTA
        Attorneys for Plaintiff
        ALI JDID

ALFONSO & HOYNG LLP
716 E. Green Street, Suite 210
Pasadena, California 91101

Complaint

## DEMAND FOR A JURY TRIAL

ADDITIONALLY, PLAINTIFF ALI JDID respectfully demands a jury trial of the present case.

DATE: January 25, 2011

ALFONSO & HOYNG, LLP

BY: _____

FRANK A. ALFONSO
FRANCISCO HOYNG
SUSAN R. HUERTA
Attorneys for Plaintiff
ALI JDID

Complaint

ALFONSO & HOYNG LLP
716 E. Green Street, Suite 210
Pasadena, California 91101

Los Angeles Superior Court - Civil

Page 1 of 1

# Civil

**General Information**

**Case Document Images**

**Party Name Search**

**Case Summary**

**Calendars**

**Filing Court Locator**

**Tentative Rulings**

**ADR**

**Diet Drug**

**Forms**

**Fees**

**Court Rules**

© 2000, Information Systems and Technology Bureau



# EXHIBIT B

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

ABC LEGAL SERVICES, INC., a California Corporation, MICHAEL KAUFMANN, an individual, and DOES 1 to 50, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

ALI JDID, an individual,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 26 2011

John A. Clarke, Executive Officer/Clerk

BY_____, Deputy
Shaunya Wesley

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es): LOS ANGELES- CENTRAL DISTRICT<br><br>111 N. Hill Street<br>Los Angeles, California 90012 | CASE NUMBER<br>(Número del Caso):<br>BC453818 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Frank Alfonso- ALFONSO & HOYNG LLP- 776 E. Green Street, Suite 210- Pasadena, California 91101

DATE: January 25, 2011        JAN 26 2011        Clerk, by        Shaunya Wesley        , Deputy
(Fecha)                                          (Secretario)                                  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

**EXHIBIT B**

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Frank Alfonso SBN 198806<br>ALFONSO & HOYNG, LLP<br>776 E Green Street, Suite 210<br>Pasadena, CA 91101<br>TELEPHONE NO.: 626-356-2120 FAX NO. 626-356-2130<br>ATTORNEY FOR (Name): Plaintiff, Ali Jdid | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JAN 2 0 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Shaunya Wesley |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

CASE NAME:
Jdid v. ABC Legal Services, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 453818<br>JUDGE<br>DEPT |

Items 1–6 below must be completed (see instructions on page 2)

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary b.[✓] nonmonetary; declaratory or injunctive relief c.[✓] punitive
4. Number of causes of action (specify): FIVE
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 25, 2011
Frank Alfonso, Esq.
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

**EXHIBIT C**

# EXHIBIT D

| SHORT TITLE: Jdid v. ABC Legal Services, Inc., et al. | CASE NUMBER | BC453818 |
|---|---|---|

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 26 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL  3  ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2, 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2, 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT D**

 

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jdid v. ABC Legal Services, Inc., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Jdid v. ABC Legal Services, Inc., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jdid v. ABC Legal Services, Inc., et al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 6350 Laurel Canyon Blvd., #405 |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| North Hollywood | CA | 91606 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___January 25, 2011___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

> **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

# EXHIBIT E

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number

**BC 453818**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this form

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk
                                                                                By_____, Deputy Clerk

**EXHIBIT E**

 

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# EXHIBIT F

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

**EXHIBIT F**

 

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

# EXHIBIT G

NOTICE SENT TO:

Alfonso, Frank A., Esq.
Alfornso & Hoyng LLP
776 E. Green Street, Suite 210
Pasadena          CA   91101



**FILED**
SUPERIOR COURT OF CALIFORNIA
FILE STAMP COUNTY OF LOS ANGELES

**FEB 0 4 2011**

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
Ray Manzo

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

|  | CASE NUMBER |
|---|---|
| ALI JDID | BC453818 |
| VS.       Plaintiff(s), | |
| ABC LEGAL SERVICES INC ET AL      Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  May 3, 2011  at  8:30 am  in  Dept. 34  at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:     THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  February 4, 2011

Judicial Officer
**AMY D. HOGUE**

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ X ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.
Date:  February 4, 2011

John A. Clarke, Executive Officer/Clerk

by _____ , Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**EXHIBIT G**

# EXHIBIT H

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
Frank A. Alfonso, Esq     SBN: 198806
ALFONSO & HOYNG LLP
776 E. Green St. #210
Pasadena, CA, 91101
TELEPHONE NO: (626) 356-2120
E-MAIL ADDRESS (Optional):
ATTORNEY FOR *(Name)*: **Plaintiff(s)**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 0 3 2011

John A. Clai__, __ecutive Officer/Clerk
By_____, Deputy
GLORIETTA ROBINSON

| PLAINTIFF/PETITIONER: All Jdid,an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ABC Legal Services,Inc.,a California Corporation | BC453818 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 34808 | Dept.: 34 |
|---|---|---|

*(Seperate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of
   a. ✓ summons
   b. ✓ complaint
   c ✓ Alternative Dispute Resolution (ADR) package
   d. ✓ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ✓ other *(specify documents):* Addendum,Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
   ABC Legal Services,Inc.,a California Corporation

   b. ✓ Person (other than the party in item3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Michael Kaufmann(Agent)

4. Address where the party was served:
   6350 Laurel Canyon Blvd, #405, North Hollywood, CA, 91606

5. I served the party *(check proper box)*
   a. ✓ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 2/2/2011      (2) at *(time):* 01:40 PM
   b. ☐ **by substitute service.** On *(date):*      at *(time):*      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)**a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*      from *(city):*      or ☐ a declaration of mailing is attached.

   (5) ☐ I attached a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT H**

| PLAINTIFF/PETITIONER:   Ali Jdid, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   ABC Legal Services, Inc., a California Corporation | BC453818 |

5.  c. ☐  **by mail and aknowledgment of receipt of service.** I mailed the documents listed in item2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                          (2) from *(city):*

   (3) ☐  with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me  *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐  to an address outside California with return receipt requested. Code Civ. Proc., § 415.40

   d. ☐  **by other means** *(specify means of service and authorizing code section):*

      ☐  Additional page describing service is attached

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐  as an individual
   b. ☐  as a person sued under the fictious name *(specify):*
   c. ☐  as occupant
   d. ☑  On behalf of *(specify):*  **ABC Legal Services, Inc., a California Corporation**

      under the following Code of Civil Procedure section:

   ☑ 416.10 (corporation)                    ☐ 415.95 (business organization, form unkown)
   ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                             ☐ other:

7.  Person who served papers
   a. Name:  **Tamar Ravid**
   b. Address: **3436 Foothill Blvd, #144, Glendale, CA, 91214**
   c. Telephone number:  **(213) 353-9100**
   d. The fee for service was: **$42.00**
   e. I am:
      (1) ☐  not a registered California process server.
      (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑  a registered California process server:
         (i) ☐ owner ☐ employee ☑ independent contractor.
         (ii) Registration No.: **5967**
         (iii) County.: **Los Angeles**

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   **or**
9.  ☐  I am a California sheriff or marshal an  I certify that the foregoing is true and correct.

Date: **2 /3 /2011**

**Tamar Ravid**
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶  _____
(SIGNATURE)

# EXHIBIT I

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Frank A. Alfonso, Esq    SBN : 198806<br>ALFONSO & HOYNG LLP<br>776 E. Green St. #210<br>Pasadena, CA, 91101<br>   TELEPHONE NO: (626) 356-2120<br>E-MAIL ADDRESS (Optional):<br>   ATTORNEY FOR (Name):  Plaintiff(s) | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>FEB 0 3 2011<br><br>John A. Clark, Executive Officer/Clerk<br>By _____, Deputy<br>GLORIETTA ROBINSON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

| PLAINTIFF/PETITIONER: Ali Jdid,an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ABC Legal Services,Inc.,a California Corporation | BC453818 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:  34808-A | Dept.:  34 |
|---|---|---|

*(Seperate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of
    a. ☑ summons
    b. ☑ complaint
    c. ☑ Alternative Dispute Resolution (ADR) package
    d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☑ other *(specify documents):*  Addendum,Notice of Case Assignment

3.  a. Party served *(specify name of party as shown on documents served):*
       Michael Kaufmann,an individual

    b. ☐ Person (other than the party in item3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served:
       6350 Laurel Canyon Blvd, #405, North Hollywood, CA, 91606
5.  I served the party *(check proper box)*
    a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 2/2/2011    (2) at *(time):* 01:40 PM
    b. ☐ by substitute service. On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post box. I informed him or her of the general nature of the papers.

       (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.

       (5) ☐ I attached a declaration of diligence stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

**EXHIBIT I**

| PLAINTIFF/PETITIONER:  · Ali Jdid, an individual | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  ABC Legal Services, Inc., a California Corporation | BC453818 |

5.  c. ☐  **by mail and aknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

　　(1)  on *(date):*                                          (2)  from  *(city):*

　　(3) ☐  with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me   *(Attach completed*  Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

　　(4) ☐  to an address outside California with return receipt requested.  Code Civ. Proc., § 415.40

　d. ☐  **by other means** *(specify means of service and authorizing code section):*

　　　☐  Additional page describing service is attached

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

　a. ☑  as an individual

　b. ☐  as a person sued under the fictious name *(specify):*

　c. ☐  as occupant

　d. ☐  On behalf of *(specify):*

　　　　under the following Code of Civil Procedure section:

　　　　☐  416.10 (corporation)　　　　　　　　☐  415.95 (business organization, form unkown)
　　　　☐  416.20 (defunct corporation)　　　　☐  416.60 (minor)
　　　　☐  416.30 (joint stock company/association)　☐  416.70 (ward or conservatee)
　　　　☐  416.40 (association or partnership)　☐  416.90 (authorized person)
　　　　☐  416.50 (public entity)　　　　　　　☐  415.46 (occupant)
　　　　　　　　　　　　　　　　　　　　　　　☐  other:

7.  **Person who served papers**

　a.  Name:   **Tamar Ravid**

　b.  Address:  3436 Foothill Blvd, #144, Glendale, CA, 91214

　c.  Telephone number:  **(213) 353-9100**

　d.  The fee for service was: **$42.00**

　e.  I am:

　　(1) ☐  not a registered California process server.

　　(2) ☐  exempt from registration under Business and Professions Code section 22350(b).

　　(3) ☑  a registered California process server:

　　　　(i)  ☐ owner   ☐ employee   ☑ independent contractor.

　　　　(ii)  Registration No.:  **5967**

　　　　(iii)  County.:  **Los Angeles**

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

　　　　or

9.  ☐  I am a California sheriff or marshal an  I certify that the foregoing is true and correct.

Date:  2 /3 /2011

**Tamar Ravid**　　　　　　　　　　　　▶　　　　　　　　　

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)　　　　　　(SIGNATURE)

# EXHIBIT K

1 | JOHN P. LeCRONE (State Bar No. 115875)
   johnlecrone@dwt.com
2 | JANET L. GRUMER (State Bar No. 232723)
   janetgrumer@dwt.com
3 | KAREN A. HENRY (State Bar No. 229707)
   karenhenry@dwt.com
4 | DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
5 | Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
6 | Fax: (213) 633-6899

7 | Attorneys for Defendants
   ABC LEGAL SERVICES, INC., and
8 | MICHAEL KAUFMAN

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 03 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

|  |  |
|---|---|
| ALI JDID, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ABC LEGAL SERVICES, INC., a California Corporation, MICHAEL KAUFMANN, an individual, and DOES 1 to 50, inclusive,<br><br>                    Defendants. | Case No. **BC453818**<br><br>**ANSWER OF DEFENDANT ABC LEGAL SERVICES, INC. TO PLAINTIFF ALI JDID'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>Assigned to the Hon. Amy Hogue<br>Dept. 34<br><br>Action Filed:  January 26, 2011 |

**EXHIBIT K**

Defendant ABC Legal Services, Inc. ("Defendant"), answering for itself and no others, in response to the unverified Complaint for Damages ("Complaint") filed by plaintiff Ali Jdid ("Plaintiff"), responds as follows:

## GENERAL DENIAL

1.     Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action therein.

2.     Defendant further denies that Plaintiff has sustained any injury, damage or loss by reason of any act or omission on the part of Defendant, and specifically denies that Plaintiff suffered any of the damages alleged in the Complaint.

3.     Defendant further denies that Plaintiff is entitled to any relief against Defendant on any ground whatsoever, and denies that Plaintiff is entitled to damages against Defendant in any amount.

## AFFIRMATIVE DEFENSES

Having fully answered the allegations in the Complaint, Defendant asserts the following additional affirmative and other defenses.  In so doing, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

1.     The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause, or causes, of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Fulfill Administrative Prerequisites)

2.     Plaintiff is precluded from asserting some or all of Plaintiff's claims to the extent that Plaintiff has failed to satisfy and exhaust the administrative prerequisites for bringing such claims, and/or to the extent the Complaint is based on alleged acts or omissions not encompassed in the charges filed by Plaintiff with the California Department of Fair Employment and Housing.

### THIRD AFFIRMATIVE DEFENSE

#### (Workers' Compensation Exclusivity)

3.    As to any claim by Plaintiff for physical, mental or emotional distress arising out of Plaintiff's employment, any such claim is barred in whole or in part by the California Workers' Compensation Act, California Labor Code §§ 3200 *et seq.*, which provides the exclusive remedy for such injuries.

### FOURTH AFFIRMATIVE DEFENSE

#### (Consent)

4.    If any of the allegations in the Complaint occurred, which Defendant denies, then each and every cause of action alleged against Defendant therein is barred because Plaintiff consented to and approved all the acts and/or omissions about which Plaintiff now complains.

### FIFTH AFFIRMATIVE DEFENSE

#### (Reasonable Care/Failure to Complain)

5.    The Complaint, and each and every cause of action therein, is barred because (a) Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful, discriminatory behavior; (b) Plaintiff failed to exercise reasonable care, as required by California Labor Code §§ 2853 and 2854; and/or (c) Plaintiff failed to take reasonable advantage of any preventive or corrective opportunities provided by Defendant by, *inter alia,* utilizing or exhausting Defendant's internal complaint procedures or to otherwise notify Defendant of the allegations made in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

#### (Intent)

6.    The Complaint, and each and every cause of action therein, is barred because Defendant did not act with the requisite degree of intent or fault.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Conduct Not Ratified)

7.    If any of the alleged wrongful acts in the Complaint were committed by Defendant's employees or by third parties not employed by Defendant, although such is not

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   herein or hereby admitted and is specifically denied, then such actions were committed

2   outside the scope of employment, and/or such conduct was unknown to, and not ratified by,

3   Defendant, and thus Defendant is not liable for them.

## EIGHTH AFFIRMATIVE DEFENSE

### (Employment At-Will)

6   8.   The Complaint, and each and every cause of action therein, is barred because Plaintiff

7   was an employee at will pursuant to California Labor Code § 2922 and was not entitled to

8   continued employment.

## NINTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

11   9.   The Complaint, and each and every cause of action therein, is barred to the extent that

12   Defendant has discovered facts, or may later discover facts, which, if known to Defendant prior to

13   Plaintiff's termination of employment, would have created additional grounds or bases for

14   Defendant's decision to termination Plaintiff's employment.

## TENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

17   10.   All actions taken by Defendant with respect to Plaintiff were, at all times relevant to

18   this action, taken in good faith for legitimate non-discriminatory and/or non-retaliatory reasons

19   and without any intent to discriminate against or injure Plaintiff in any manner prohibited by law,

20   including, without limitation, the California Fair Employment and Housing Act, California

21   Government Code § 12940, *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Perception or Knowledge of Disability)

24   11.   The Complaint, and each and every cause of action therein, is barred because

25   Defendant did not perceive that Plaintiff had a disability and/or lacked knowledge of Plaintiff's

26   alleged disability.

27

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### TWELFTH AFFIRMATIVE DEFENSE

### (Doctrine of Avoidable Consequences)

12.   Plaintiff is barred from recovering under the Complaint, in whole or in part, by operation of the doctrine of avoidable consequences, which does not permit an employee to obtain relief for damages arising from alleged harassment that Plaintiff could have avoided with reasonable effort or expenditure.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Differential Treatment Based on Disability)

13.   The first, second, third, and fourth causes of action for discrimination based on disability or FMLA leave is barred because Plaintiff was not treated less favorably than employees who were not disabled.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Protected Activity )

14.   The Complaint, and each and every cause of action therein, is barred in whole or in part because Plaintiff did not engage in any protected activity.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge of Protected Activity)

15.   The Complaint, and each and every cause of action therein, is barred in whole or in part because, even assuming *arguendo* that Plaintiff engaged in protected activity, Defendant was not aware that Plaintiff engaged in any protected activity.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

16.   The failure to accommodate and failure to engage in interactive process causes of action are barred because no reasonable accommodation was possible without undue hardship to Defendant.

ABC LEGAL SERVICES' ANSWER TO COMPLAINT
DWT 16676805v1 0067194-000010

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unable to Perform Essential Duties)

17.    The failure to accommodate and failure to engage in interactive process causes of action are barred because there was no other job position available for which Plaintiff was qualified and capable of performing with or without accommodation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Inadequate Request for Reasonable Accommodation – Failure to Accommodate and Failure to Engage in Interactive Process Causes of Action)

18.    The failure to accommodate and failure to engage in interactive process causes of action are barred because Plaintiff did not adequately request reasonable accommodation for Plaintiff's alleged disability, did not provide adequate documentation showing the need for reasonable accommodation for Plaintiff's alleged disability, and otherwise failed to cooperate in the interactive process that may have been required.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

19.    The Complaint, and each and every cause of action therein, is barred because Plaintiff would be unjustly enriched if Plaintiff is permitted to recover on the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

20.    While Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Plaintiff has failed to take reasonable action to mitigate or minimize Plaintiff's alleged damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

21.    The Complaint, and each and every cause of action contained therein, fails to state facts sufficient to entitle Plaintiff to an award of exemplary or punitive damages.

ABC LEGAL SERVICES' ANSWER TO COMPLAINT
DWT 16676805v1 0067194-000010

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

22.    Plaintiff is precluded from recovering punitive damages, either in whole or in part, from Defendant, under the applicable provisions of law, including, but not limited to Article I, Section 10, Article IV, Section 2 and the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 7, 9, 15, 17, and Article IV, Section 16 of the California Constitution and California Civil Code Section 3294.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Equitable Relief (Adequate Remedies))

23.    Plaintiff is barred from asserting the request for equitable relief alleged in the Complaint because Plaintiff has adequate remedies at law and/or the equitable relief is neither necessary or proper.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

24.    Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by way of the Complaint;

2.    That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3.    That Defendant be awarded its costs of suit;

4.    That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and

ABC LEGAL SERVICES' ANSWER TO COMPLAINT
DWT 16676805v1 0067194-000010

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   5.      For such other and further relief as the Court deems just and proper.

2

3

4   DATED:  March 3, 2011                    DAVIS WRIGHT TREMAINE LLP
                                             JOHN P. LeCRONE
5                                            JANET L. GRUMER

6
                                             By: _____
7                                                     Janet L. Grumer

8                                            Attorneys for Defendants
                                             ABC LEGAL SERVICES, INC., and
9                                            MICHAEL KAUFMAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ABC LEGAL SERVICES' ANSWER TO COMPLAINT
DWT 16676805v1 0067194-000010

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On March 3, 2011, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT ABC LEGAL SERVICES, INC. TO PLAINTIFF ALI JDID'S UNVERIFIED COMPLAINT FOR DAMAGES** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Frank A. Alfonso
Francisco Hoyng
Susan R. Huerta
Alfonso & Hoyng LLP
776 E. Green Street, Suite 210
Pasadena, CA 91101

Fax:  (626) 356-2130

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on March 3, 2011, at Los Angeles, California.

☑      State        I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑      Federal      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____          _____
Frank M. Romero                                                *Frank M. Romero*
Print Name                                                              Signature

# EXHIBIT L

1 | JOHN P. LeCRONE (State Bar No: 115875)
  |   johnlecrone@dwt.com
2 | JANET L. GRUMER (State Bar No. 232723)
  |   janetgrumer@dwt.com
3 | KAREN A. HENRY (State Bar No. 229707)
  |   karenhenry@dwt.com
4 | DAVIS WRIGHT TREMAINE LLP
  | 865 South Figueroa Street, 24th Floor
5 | Los Angeles, California  90017-2566
  | Telephone:  (213) 633-6800
6 | Fax:  (213) 633-6899
7 | Attorneys for Defendants
  | ABC LEGAL SERVICES, INC., and
8 | MICHAEL KAUFMAN

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 03 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

9

SUPERIOR COURT OF THE STATE OF CALIFORNIA

10

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

11

12

| ALI JDID, an individual | ) | Case No. **BC453818** |
| | ) | |
| 13            Plaintiff, | ) | **ANSWER OF DEFENDANT MICHAEL** |
| | ) | **KAUFMAN TO PLAINTIFF ALI JDID'S** |
| 14       vs. | ) | **UNVERIFIED COMPLAINT FOR** |
| | ) | **DAMAGES** |
| 15 ABC LEGAL SERVICES, INC., a California | ) | |
| Corporation, MICHAEL KAUFMANN, an | ) | Assigned to the Hon: Amy Hogue |
| 16 individual, and DOES 1 to 50, inclusive, | ) | Dept. 34 |
| | ) | |
| 17            Defendants. | ) | Action Filed:  January 26, 2011 |
| | ) | |

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT L**

## THIRD AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

3.     As to any claim by Plaintiff for physical, mental or emotional distress arising out of Plaintiff's employment, any such claim is barred in whole or in part by the California Workers' Compensation Act, California Labor Code §§ 3200 *et seq.*, which provides the exclusive remedy for such injuries.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

4.     If any of the allegations in the Complaint occurred, which Defendant denies, then each and every cause of action alleged against Defendant therein is barred because Plaintiff consented to and approved all the acts and/or omissions about which Plaintiff now complains.

## FIFTH AFFIRMATIVE DEFENSE

### (Reasonable Care/Failure to Complain)

5.     The Complaint, and each and every cause of action therein, is barred because (a) Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful, discriminatory behavior; (b) Plaintiff failed to exercise reasonable care, as required by California Labor Code §§ 2853 and 2854; and/or (c) Plaintiff failed to take reasonable advantage of any preventive or corrective opportunities provided by Defendant by, *inter alia,* utilizing or exhausting Defendant's internal complaint procedures or to otherwise notify Defendant of the allegations made in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Intent)

6.     The Complaint, and each and every cause of action therein, is barred because Defendant did not act with the requisite degree of intent or fault.

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## SEVENTH AFFIRMATIVE DEFENSE

### (Employment At-Will)

7.    The Complaint, and each and every cause of action therein, is barred because Plaintiff was an employee at will pursuant to California Labor Code § 2922 and was not entitled to continued employment.

## EIGHTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

8.    The Complaint, and each and every cause of action therein, is barred to the extent that Defendant has discovered facts, or may later discover facts, which, if known to Defendant prior to Plaintiff's termination of employment, would have created additional grounds or bases for Defendant's decision to termination Plaintiff's employment.

## NINTH AFFIRMATIVE DEFENSE

### (No Perception or Knowledge of Disability)

9.    The Complaint, and each and every cause of action therein, is barred because Defendant did not perceive that Plaintiff had a disability and/or lacked knowledge of Plaintiff's alleged disability.

## TENTH AFFIRMATIVE DEFENSE

### (Doctrine of Avoidable Consequences)

10.    Plaintiff is barred from recovering under the Complaint, in whole or in part, by operation of the doctrine of avoidable consequences, which does not permit an employee to obtain relief for damages arising from alleged harassment that Plaintiff could have avoided with reasonable effort or expenditure.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Differential Treatment Based on Disability)

11.    The first, second, third, and fourth causes of action for discrimination based on disability or FMLA leave is barred because Plaintiff was not treated less favorably than employees who were not disabled.

3

MICHAEL KAUFMAN'S ANSWER TO COMPLAINT
DWT 16676843v1 0067194-000010

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TWELFTH AFFIRMATIVE DEFENSE

### (No Protected Activity )

12.    The Complaint, and each and every cause of action therein, is barred in whole or in part because Plaintiff did not engage in any protected activity.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge of Protected Activity)

13.    The Complaint, and each and every cause of action therein, is barred in whole or in part because, even assuming *arguendo* that Plaintiff engaged in protected activity, Defendant was not aware that Plaintiff engaged in any protected activity.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unable to Perform Essential Duties)

14.    The failure to accommodate and failure to engage in interactive process causes of action are barred because there was no other  job position available for which Plaintiff was qualified  and capable of performing with or without accommodation.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Inadequate Request for Reasonable Accommodation)

15.    The failure to accommodate and failure to engage in interactive process causes of action are barred because Plaintiff did not adequately request reasonable accommodation for Plaintiff's alleged disability, did not provide adequate documentation showing the need for reasonable accommodation for Plaintiff's alleged disability, and otherwise failed to cooperate in the interactive process that may have been required.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Individual Liability)

16.    The Complaint, and each and every cause of action therein, is barred against the **Individual Defendant** because **he** was not Plaintiff's employer, and any actions taken toward Plaintiff was within **Individual Defendant's** job duties, **Individual Defendant's** managerial discretion, and the scope of personnel management.

MICHAEL KAUFMAN'S ANSWER TO COMPLAINT
DWT 16676843v1 0067194-000010

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Employment Relationship)

17.     The Complaint, and each and every cause of action contained therein, fails to state any cause of action against the **Individual Defendant** because **he** was not Plaintiff's employer as a matter of fact or law, including without limitation the California Fair Employment and Housing Act, California Government Code §§ 12900 *et seq.*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

18.     The Complaint, and each and every cause of action therein, is barred because Plaintiff would be unjustly enriched if Plaintiff is permitted to recover on the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

19.     While Defendant denies that Plaintiff has been damaged in any way, if he should be determined that Plaintiff has suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Plaintiff has failed to take reasonable action to mitigate or minimize Plaintiff's alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

20.     The Complaint, and each and every cause of action contained therein, fails to state facts sufficient to entitle Plaintiff to an award of exemplary or punitive damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

21.     Plaintiff is precluded from recovering punitive damages, either in whole or in part, from Defendant, under the applicable provisions of law, including, but not limited to Article I, Section 10, Article IV, Section 2 and the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 7, 9, 15, 17, and Article IV, Section 16 of the California Constitution and California Civil Code Section 3294.

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

22. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;

2. That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3. That Defendant be awarded his costs of suit;

4. That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and

5. For such other and further relief as the Court deems just and proper.

DATED: March 3, 2011

DAVIS WRIGHT TREMAINE LLP
JOHN P. LeCRONE
JANET L. GRUMER

By: _____
Janet L. Grumer

Attorneys for Defendants
ABC LEGAL SERVICES, INC., and
MICHAEL KAUFMAN

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On March 3, 2011, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT MICHAEL KAUFMAN TO PLAINTIFF ALI JDID'S UNVERIFIED COMPLAINT FOR DAMAGES** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Frank A. Alfonso
Francisco Hoyng
Susan R. Huerta
Alfonso & Hoyng LLP
776 E. Green Street, Suite 210
Pasadena, CA 91101

Fax: (626) 356-2130

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on March 3, 2011, at Los Angeles, California.

☑     State     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑     Federal     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Frank M. Romero | *Frank M. Romero* |
| --- | --- |
| Print Name | Signature |



## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On March 4, 2011, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Frank A. Alfonso
Francisco Hoyng
Susan R. Huerta
Alfonso & Hoyng LLP
776 E. Green Street, Suite 210
Pasadena, CA 91101

Fax: (626) 356-2130

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on March 4, 2011, at Los Angeles, California.

☑  State     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑  Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Frank M. Romero
Print Name

_____
*Frank M. Romero*
Signature